■　　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON NEWBERNS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 5, 1964, convicting him of possession of burglar's tools as a misdemeanor, on his plea of guilty, and imposing sentence. In his brief, defendant seeks also to review an order dated February 2, 1965, which denied his motion to suppress evidence. Judgment affirmed. Appeal from order dismissed. No appeal was taken from the order nor was the notice of appeal from the judgment of conviction amended to include the order. . The order has, however, been reviewed on this appeal from the judgment. On a " motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and seizure " (*People* v. *Entrialgo,* 19 A D 2d 509, 510–511, affd. 14 N Y 2d 733; *People* v. *Lombardi,* 18 A D 2d 177, affd. 13 N Y 2d 1014). Within one minute after the receipt of a radio alarm that a burglary of a shoe store was in progress, at 2:00 A.M., the police arrived and saw defendant standing near a broken glass door of the store and then begin walking toward the police with a metallic object protruding from his pocket. This was sufficient probable cause to warrant the search and seizure. Beldock. P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■　　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD NOGAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 15, 1964, convicting him of assault in the third degree, on his plea of guilty, and imposing sentence. Appeal dismissed. The termination of appellant's sentence renders the issue raised on the appeal academic. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.